*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MONTEIRO, Minors.

UNPUBLISHED
September 12, 2024

No. 369951
Bay Circuit Court
Family Division
LC No. 24-013707-NA

Before: PATEL, P.J., and YATES and SHAPIRO,* JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order following the preliminary hearing in which the court authorized the filing of a petition seeking jurisdiction over both BM and KM, ordered BM's removal from the mother's care and custody, placed BM with the petitioner for supervision and care, and ordered that KM would remain in the mother's care but under the supervision of the petitioner.[1] We affirm.

## I. BACKGROUND

Respondent is the father of BM (11 years old) and KM (15 years old). Respondent is currently incarcerated in Indiana serving a sentence for a conviction involving sexual misconduct with a minor. Respondent's earliest release date is in August 2033.

On or about February 3, 2024, BM made self-harming statements, but the mother would not take BM for a mental health evaluation. The mother contacted the Department of Health and Human Services (DHHS) multiple times on February 3, 2024, requesting that BM be removed

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] Respondent-mother is not a party to this appeal. Accordingly, we simply refer to respondent-father as "respondent" and the mother as "the mother."

from her home. The mother maintained that she was unable to control BM's behaviors and she threatened to physically assault BM if BM was not removed from the home.

During the late evening hours of Saturday, February 3, 2024, a referee issued an interim order authorizing the DHHS to remove BM from the mother's home pending a preliminary hearing, which was set for the next business day on Monday, February 5, 2024. The referee determined that there was reasonable cause to believe that BM was at substantial risk of harm and, under MCL 712A.2(b) and MCR 3.963(B), BM's immediate removal from the mother was necessary to protect BM's health and safety. The referee found that it was contrary to BM's welfare to reside in the mother's home because the mother was unable to control BM's behaviors, the mother had requested the DHHS to remove BM, the mother threatened to physically harm BM if BM was not removed, and BM had made statements of self-harm that the mother did not address with a mental health evaluation. The referee further found that reasonable efforts were made to prevent or eliminate the need for BM's removal, but no remedy other than protective custody was reasonably available to protect BM. The referee authorized the DHHS, a law enforcement officer, or other person deemed suitable by the court to immediately take BM into protective custody and transport BM to the local hospital. The referee ordered that BM be placed with the DHHS for care and supervision. The referee's order specifically excluded KM by striking KM's name from it.

On February 5, 2024, the DHHS filed a petition requesting that the court take jurisdiction over the children under MCL 712A.2(b)(1) (failure to provide proper care and custody due to neglect or abandonment), and (2) (unfit home environment due to neglect), remove BM from the mother's home, and allow KM to remain in the mother's home but under the court's jurisdiction.[2] Prior to BM's removal on February 3, 2024, there had been previous involvement with Children's Protective Services and mental health services were provided to the family.

At the February 5, 2024 preliminary hearing, counsel was appointed for respondent. Respondent's counsel indicated that respondent was incarcerated in Indiana and it was his "understanding that the prison could not make [respondent] available on such short notice." The trial court stated, "The Court did reach out to try to secure his presence and they were unable to do so." Respondent's counsel waived reading of the petition. Notably, respondent's counsel stated, "given where my client is and the nature of the allegations, I do not believe that . . . his . . . presence is necessary today." Respondent's counsel also waived the probable cause determination. The prosecutor indicated that BM was in a medical facility. The prosecutor requested that BM be placed with the DHHS for his care and supervision, but requested that KM remain at home with the mother in "in-home jurisdiction." Respondent's counsel stated that he "would take no position at this time" regarding the children's placement. The prosecutor requested that the mother's parenting time with BM be supervised at the discretion of the DHHS and mental health providers.

---

[2] Paragraph 8(b) of the petition requests that the court issue an order removing "the child(ren)," but it does not indicate whether the request is for one or both children. However, the additional pages attached to the petition state:

> Based on the preceding allegations, it is the contention of MDHHS that it is contrary to [BM]'s welfare to remain in the home with [the mother]. We are requesting that [KM] remain placed in the home with [the mother] but under court jurisdiction.

-2-

Respondent's counsel conceded that his client's visitation with the children whether it was letter writing or phone calls, "would have to be a supervised setting at first." The lawyer-guardian ad litem concurred with the prosecutor.

Finding that notice of hearing was given as required by law, the trial court determined that there was probable cause that one or more of the allegations in the petition were true and authorized the petition with a goal of reunification. Relying on the referee's findings in the February 3, 2024 order, the trial court concluded that it was contrary to BM's welfare to remain in the mother's home and ordered that BM be placed with the DHHS for care and supervision. The court directed that the mother's parenting time with BM be supervised at the discretion of the DHHS and mental health providers until further order of the court or modification by the DHHS. The court further found that allowing KM to remain in the mother's home did not present a substantial risk of harm to KM's life, physical health, or mental well-being and thus concluded that KM would remain in the mother's custody under the supervision of the DHHS. The court ordered that mother's parenting time with KM would be unsupervised. Respondent's parenting time for both children was ordered to be supervised given his incarceration status and the uncertainty of whether respondent had contact with the children. The court indicated that it would reassess respondent's visitation at the pretrial hearing. The DHHS was directed to present an initial service plan, but parental participation was voluntary.

The matter was set for pretrial on February 13, 2024. Copies of the order after preliminary hearing, the notice of pretrial hearing, and an advice of rights were mailed to respondent on February 6, 2024. This appeal followed.

## II. PROCEDURAL DUE PROCESS

Respondent argues that the court violated his procedural due-process rights because it failed to provide him with adequate notice of BM's removal and the opportunity to be heard. We disagree.

"Whether child protective proceedings complied with a parent's right to procedural due process presents a question of constitutional law, which we review de novo." *In re Sanders*, 495 Mich 394, 403-404; 852 NW2d 524 (2014). We also review de novo the interpretation and application of court rules and statutes. *Id*. at 404.

BM was removed from the mother's care and supervision during the late evening hours on Saturday, February 3, 2024 following a referee's determination that he was at substantial risk of harm. The preliminary hearing was conducted in the morning on Monday, February 5, 2024, which was the next business day that the court was open. At that time, the trial court indicated that notice of the preliminary hearing was given as required by law. The trial court stated that it made efforts to secure respondent's presence at the hearing, but was unable to do so. Respondent was represented by counsel at the hearing. Respondent's counsel did not argue that respondent's

-3-

right to due process was violated or that he was not provided with notice of the proceedings. In fact, respondent's counsel stated that respondent's attendance at the preliminary hearing was not necessary. Accordingly, this issue is unpreserved. See *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

Unpreserved arguments are reviewed for plain error affecting substantial rights. *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (cleaned up). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App at 9. Reversal is only warranted when the plain error "seriously affect[ed] the integrity, fairness, or public reputation of the judicial proceedings." *In re Mota*, 334 Mich App 300, 311; 964 NW2d 881 (2020).

Parents have fundamental due-process rights in termination of parental rights proceedings. *In re Sanders*, 495 Mich at 403-404. "The fundamental requisite of due process of law is the opportunity to be heard. The hearing must be at a meaningful time and in a meaningful manner." *In re Rood*, 483 Mich 73, 92; 763 NW2d 587 (2009) (cleaned up).

> The opportunity to be heard includes the right to notice of that opportunity. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [*Id*. (cleaned up).]

Respondent argues that the preliminary hearing should have been adjourned. MCR 3.965(B)(1) provides in pertinent part that "[t]he preliminary hearing may be adjourned for the purpose of securing the appearance of an attorney, parent, guardian, or legal custodian *or may be conducted in the absence of the parent, guardian, or legal custodian* if notice has been given or if the court finds that a reasonable attempt to give notice was made." (Emphasis added.) In this case, both the trial court and respondent's counsel indicated that reasonable efforts were made to secure respondent's presence at the hearing. Moreover, respondent's counsel conceded that respondent's presence at the hearing was not necessary. Respondent does not identify what additional information he would have provided had he been present at the preliminary hearing. Because it was permissible under MCR 3.965(B)(1) for the court to proceed with the preliminary hearing in respondent's absence, respondent has not demonstrated plain error. *In re VanDalen*, 293 Mich App at 135. Even if there was plain error, respondent has not alleged that his lack of attendance at the preliminary hearing caused him any prejudice by affecting the outcome of the child protective proceedings and thus reversal is not warranted. *Id*.; *In re Mota*, 334 Mich App at 311.

## III. ACTIONS REGARDING KM

Respondent further argues that the trial court erred by allowing KM to remain in the mother's custody. We disagree.

"Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). This Court may hear appeals of right from "[a] judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule." MCR 7.203(A)(2). In his claim of appeal, respondent asserted that the order being appealed was an "order removing a child from a parent's care and custody." But in his brief on appeal, respondent erroneously cites MCR 3.993(A)(2), which confers this Court with jurisdiction to hear appeals from "an initial order of disposition following adjudication in a child protective proceeding." Respondent's appeal was filed prior to the initial disposition and the court's assumption of jurisdiction. Accordingly, we will treat this as an appeal by right under MCR 3.993(A)(1), which applies to "any order removing a child from a parent's care and custody."

This Court has jurisdiction under MCR 3.993(A)(1) regarding the removal of BM from the care and custody of the mother. Although the court authorized the filing of a petition seeking jurisdiction over both BM and KM, KM was not removed from the mother's care and custody. Respondent has been incarcerated during these proceeding and thus KM was never in respondent's care and custody. Because KM was not removed from her placement with the mother, KM is not within the scope of respondent's appeal, which is limited to the trial court's removal of BM from the mother's care and custody.

Even if we were to consider the trial court's order regarding KM as if leave had been granted, MCR 3.993(B),[3] respondent has not demonstrated plain error, *In re VanDalen*, 293 Mich App at 135. Petitioner requested that KM remain at home with the mother in "in-home jurisdiction." Respondent's counsel stated that he "would take no position at this time" regarding the children's placement. Thus, the issue is unpreserved. Unpreserved arguments are reviewed for plain error affecting substantial rights. *In re Pederson*, 331 Mich App at 463.

If a court authorizes a petition, the court may release the child to a parent or, if the court finds that returning the child to the home would be contrary to the child's welfare, the court may order that the child be placed in foster care pending trial. MCR 3.965(B)(12). In this case, the trial court found that allowing KM to remain in the mother's home did not present a substantial risk of harm to KM's life, physical health, or mental well-being and thus concluded that KM would remain in the mother's custody under the supervision of the DHHS. The record does not contain any allegations that the mother's custody of KM presented a substantial risk of harm to KM's life,

---

[3] "All orders not listed in [MCR 3.993](A) are appealable to the Court of Appeals by leave." MCR 3.993(B).

physical health, or mental well-being; all of the allegations focused on BM. And respondent has failed to present any evidence that KM was at a substantial risk of harm.[4]

Affirmed.

/s/ Sima G. Patel
/s/ Christopher P. Yates
/s/ Douglas B. Shapiro

---

[4] We note that respondent did not appeal the trial court's May 6, 2024 order of adjudication, wherein the court determined that the material allegations of the 1st amended petition were established by a preponderance of the evidence, concluded that there were statutory grounds to exercise jurisdiction over the children, found that allowing BM to remain in the mother's home presented a substantial risk of harm to BM, determined there was no substantial risk of harm to KM, placed BM with the DHHS for care and supervision, and concluded that KM would remain in the mother's custody under the supervision of the DHHS.